IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **07-cv-2227-AP**

**In re: FALL RIVER VILLAGE COMMUNITIES, LLC,**

      Debtor.

**FALL RIVER VILLAGE COMMUNITIES, LLC,**

      Appellant,

v.

**US BANK NATIONAL ASSOCIATION,**

      Appellee.

---

# ORDER

---

Kane, J.

On February 14, 2008, this court granted a Motion for Withdrawal as Counsel permitting Philipp C. Theune to withdraw as attorney of record for Debtor/Appellant. It is noted that Debtor/Appellant is a corporation, and as such is required to be represented by counsel in this court. The provisions of law authorizing litigants to represent themselves applies to natural persons only.

As stated in *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993):

> It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *see Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), *aff'd sub nom. Pilla v. American Bar Assn.*, 542 F.2d 56 (8th Cir. 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial

entities. Thus, save in a few aberrant cases, [footnote omitted], the lower courts have uniformly held that §28 U.S.C. 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) (partnership); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.) (nonprofit corporation formed by prison inmates), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (corporation); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983)(per curiam) (corporation); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) (corporation); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam) (corporation); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (CA3 1966) (per curiam) (corporation).

It is, therefore,

ORDERED that on or before March 7, 2008, Debtor/Appellant Fall River Village Communities, LLC shall obtain counsel to represent it in this case. Failure to obtain counsel may result in dismissal of this case.

Dated this 21st day of February, 2008.

BY THE COURT:

*S/John L. Kane*
John L. Kane, Senior Judge
United States District Court